UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ENVIRONMENT ONE CORPORATION<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>OFFICE OF THE UNITED STATES TRADE<br>REPRESENTATIVE; KATHERINE TAI,<br>U.S. TRADE REPRESENTATIVE;<br>U.S. CUSTOMS & BORDER PROTECTION;<br>CHRIS MAGNUS, COMMISSIONER,<br>U.S. CUSTOMS AND BORDER PROTECTION<br><br>*Defendants*. | Court No. 22-00124 |

## **COMPLAINT**

Plaintiff ENVIRONMENT ONE CORPORATION by and through its attorneys alleges and states as follows:

1. This action contests the denial of protests by U.S. Customs and Border Protection ("CBP") of China 301 duties earmarked for refund by the United States Trade Representative ("USTR").

2. This action also contests the authority of the USTR and CBP to expand the Protest Statute (19 U.S.C. § 1514) to make it a prerequisite to the issuance of

1

retroactive refunds ordered by the USTR on retaliatory duties that had been paid under Section 301 of the Trade Act (19 U.S.C. § 2411).

3. USTR made numerous decisions after the implementation of the Section 301 duties on List 1 on July 6, 2018; List 2 on August 23, 2018; List 3 on September 24, 2018; and List 4A on September 1, 2019, to EXCLUDE certain imports of Chinese origin retroactively from the application of the Section 301 duties that had been collected on goods on the lists on which the EXCLUDED items originally appeared.

4. Plaintiff filed timely protests and other protests beyond the 180 days after liquidation of import entries on which retaliatory China 301 duties were assessed.

5. In some instances, Plaintiff filed no protests on an entry that included items deemed excluded by the USTR.

6. The timely protests which were denied are herein contested as under the Court's Protest jurisdiction 28 U.S.C. § 1581(a).

7. The entries for which no protests were filed within 180 days of liquidation and those entries for which protests were filed beyond the 180 days after liquidation are contested herein under the Court's 28. U.S.C. § 1581(i) jurisdiction, as refunds on those entries were not made as a result of the *ultra vires* acts of USTR and CBP in requiring "timely" protests as a prerequisite to qualifying for a

refund of section 301 duties on goods retroactively excluded from the assessment thereof by the USTR.

8.  Without statutory or regulatory authority, the USTR allowed CBP to use the Protest Statute and the requirements thereunder to prevent Plaintiff from recovering refunds that the USTR had ordered.

9.  Under all of the above circumstances, refunds remain withheld by Defendants. *See* Exhibit.

## **JURISDICTION**

10. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1581(i)(1), (2) and (4) because this civil action is commenced to contest the retention of refunds ordered by the USTR resulting from the *ultra vires* acts of USTR and CBP in requiring protests as a prerequisite to qualifying for a refund of section 301 duties on goods retroactively excluded from the assessment thereof by the USTR.

11. As stated in 28 U.S.C. § 1581(i):

> **(i)** In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

**(1) revenue from imports or tonnage;**
**(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;**
(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
**(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.** (Emphasis added).

12. As noted, 28 U.S.C. § 1581(a) jurisdiction applies to denied protests on those liquidations of entries on which Plaintiff filed timely protests despite the USTR and CBP having no authority to require protests in this regard as a prerequisite to qualifying for a refund of section 301 duties on goods retroactively excluded from the assessment thereof by the USTR.

## PARTIES

13. Plaintiff, ENVIRONMENT ONE CORPORATION, 2773 Balltown Road, Niskayuna, New York 12309 (Federal Tax ID No. 15-1505298) is a wholly owned subsidiary of Precision Castparts Corporation, which is a wholly owned subsidiary of Berkshire Hathaway, a public company.

14. ENVIRONMENT ONE CORPORATION has standing to pursue this action as an importer of record of the merchandise upon which the retaliatory duties that are the subject of this action were assessed and paid under USTR List 3 and/or other list(s) announced by the USTR, on items that were ordered retroactively excluded

from the list(s) of goods from China but refunds have not been paid by Defendants,

15. This case is brought to compel the Defendant United States to refund monies originally collected beginning on July 6, 2018 for List 1; List 2 on August 23, 2018; and on List 3 on September 24, which were ordered by the USTR from the application of Section 301 retaliatory duties retroactively, which have been withheld through the *ultra vires* interposition of the Protest Statute and defective administration of subject matter covered by 28 U.S.C. § 1581(i).

16. Defendant United States received the disputed tariffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

17. The Office of the USTR is an executive agency of the United States charged with investigating a foreign country's trade practices under Section 301 of the Trade Act and implementing "appropriate" responses, subject to the direction of the President.

18. USTR conducted the Section 301 investigation at issue and made numerous decisions regarding Lists 1, 2, 3 and List 4.

19. Ambassador Robert Lighthizer held the position of USTR when the duties in question were implemented, and Ambassador Katherine Tai currently holds the position of USTR and serves as the director of the Office of the USTR. In these capacities, USTR made numerous decisions regarding Lists 1, 2, 3 and 4.

20. Defendant CBP is the agency that collects duties on imports. CBP collected payments made by Plaintiff to account for the retaliatory tariffs imposed by USTR under Lists 1, 2, 3 and 4A.

21. Defendant Chris Magnus is the current Commissioner of CBP and Mark A. Morgan was the Acting Commissioner of CBP at the time the Section 301 retaliatory duties were implemented. In this capacity, they have overseen CBP's collection of duties paid by Plaintiff under Lists 1, 2, 3 and 4A.

## STATEMENT OF CLAIMS

## COUNT ONE

### (IMPOSITION OF THE PROTEST STATUTE AS A PREREQUISITE TO RECEIPT OF RETROACTIVE REFUNDS ORDERED BY THE USTR)

22. Paragraphs 1 through 21 are incorporated by reference.

23. The APA authorizes the Court to hold unlawful and set aside agency action that is: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

24. Defendants exceeded their authority under the trade act and in all other ways in interposing the Protest Statute, its time limits and other formal requirements to decisions

6

by the USTR despite that statute applying ONLY to certain enumerated CBP decisions and therefore acted "not in accordance with the law" and "in excess of statutory authority."

## COUNT TWO

## (DENIAL OF TIMELY FILED PROTESTS AS ADMINISTRATIVE REQUESTS FOR REFUNDS EARMARKED BY THE USTR ON GOODS RETROACTIVELY EXCLUDED FROM THE ASSESSMENT OF CHINA 301 DUTIES)

25.  Paragraphs 1 through 21 are incorporated by reference.

26.  Plaintiff filed timely protests despite the USTR and CBP having no authority to require protests in this regard as a prerequisite to qualifying for a refund of section 301 duties on goods retroactively excluded from the assessment thereof by the USTR.

27.  CBP denied such timely protests and withheld refunds ordered by the USTR contrary to those instructions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court

(1) declare that Defendants' interposition of the Protest Statute as a prerequisite to the securing of retroactive refunds violative of the APA and of the Protest Statute;

7

(2) order refunds of section 301 duties on entries of goods that were ordered retroactively excluded from the China 301 duties on which timely protests were filed;

(3) order Defendants to refund, with interest, any Section 301 China duties paid by Plaintiffs that had been ordered by the USTR to be retroactively refunded to Plaintiff pursuant to the USTR's exclusion orders;

(4) award Plaintiff its costs and reasonable attorney fees; and

(5) grant such other and further relief as may be just and proper.

Respectfully submitted,

SIMON GLUCK & KANE LLP

By: /s/Christopher M. Kane
Christopher M. Kane
Daniel J. Gluck
Mariana del Rio Kostenwein
535 Fifth Avenue, Fourth Floor
New York, New York 10017
Tel: (212) 775-0055
ckane@customs-law.com

*Counsel for Plaintiff*

Dated: April 15, 2022

# Exhibit

|   | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 |   | **Environment One Coproration** |   |   |   |   |
| 2 |   | Entries for 1581(a) and/or 1581(i) claims |   |   |   |   |
| 3 |   |   |   |   |   |   |
| 4 |   |   |   |   |   | Date |
| 5 |   | Entry # | Sum Entered Value | Sum of Prov/Prog. Duty | Liquidation/ Protest (x=1581(i) only) | Denied |
| 6 | 94D | 15322117 | $12,704.00 | $3,176.00 | Liquidated September 4th 2020 -PAST 180 DAYS | x |
| 7 | 94D | 15324790 | $3,118.00 | $779.50 | Liquidated September 4th 2020-PAST 180 DAYS | x |
| 8 | 94D | 15325763 | $6,586.00 | $1,646.50 | Liquidated September 11th 2020-PAST 180 DAYS | x |
| 9 | 94D | 15326811 | $17,645.00 | $4,411.25 | Liquidated September 18th 2020-PAST 180 DAYS | x |
| 10 | 94D | 15330458 | $5,591.00 | $1,397.75 | Liquidated October 9th 2020-PAST 180 DAYS | x |
| 11 | 94D | 15334070 | $5,207.00 | $1,301.75 | Refunded |   |
| 12 | 94D | 15334427 | $2,016.00 | $504.00 | Refunded  Liquidated September 25th 2020 |   |
| 13 | 94D | 15337008 | $20,679.00 | $5,169.75 | Liquidated 30-OCT-20- PAST 180 DAYS -5/29- PROTEST # 460121127894 FILED/ 9/9- Portest Denied | x |
| 14 | 94D | 15339152 | $10,752.00 | $2,688.00 | Liquidated 20-NOV-20- PAST 180 DAYS-5/29-PROTEST # 460121127894 FILED / 9/9- Protest Denied | x |
| 15 | 94D | 15341042 | $20,337.00 | $5,084.25 | Liquidated 20-NOV-20- PAST 180 DAYS-5/29-PROTEST # 460121127894 FILED / 9/9- Protest Denied | x |
| 16 | 94D | 15344061 | $20,755.00 | $5,188.75 | Liquidated 04-DEC-20- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 17 | 94D | 15346116 | $16,071.00 | $4,017.75 | Liquidated 11-DEC-20- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 18 | 94D | 15347593 | $10,967.00 | $2,741.75 | Liquidated 18-DEC-20- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 19 | 94D | 15349359 | $10,752.00 | $2,688.00 | Liquidated 01-JAN-21- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 20 | 94D | 15350738 | $3,994.00 | $998.50 | Liquidated 01-JAN-21- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 21 | 94D | 15352528 | $19,716.00 | $4,929.00 | Liquidated 15-JAN-21- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 22 | 94D | 15357121 | $10,752.00 | $2,688.00 | Liquidated 29-JAN-21- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 23 | 94D | 15360109 | $7,728.00 | $1,932.00 | Liquidated February 5th 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 24 | 94D | 15364531 | $9,585.00 | $2,396.25 | Liquidated March 5th 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 25 | 94D | 15365066 | $2,016.00 | $504.00 | Liquidated March 5th 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 26 | 94D | 15365850 | $6,720.00 | $1,680.00 | Liquidated March 5th 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 27 | 94D | 15367682 | $9,408.00 | $2,352.00 | Liquidated April 2nd 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 28 | 94D | 15368938 | $11,424.00 | $2,856.00 | Liquidated March 26th 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 29 | 94D | 15371478 | $3,195.00 | $798.75 | Liquidated April 2nd 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 30 | 94D | 15372211 | $7,582.00 | $1,895.50 | Liquidated April 9th 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 31 | 94D | 15374266 | $23,520.00 | $5,880.00 | Liquidated April 16th 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 32 | 94D | 15374761 | $672.00 | $0.00 |   |   |
| 33 | 94D | 15375396 | $10,967.00 | $2,741.75 | Liquidated April 23rd 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 34 | 94D | 15376758 | $15,944.00 | $3,986.00 | Liquidated April 30th 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 35 | 94D | 15378382 | $10,752.00 | $2,688.00 | Liquidated May 14th 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 36 | 94D | 15380016 | $1,680.00 | $420.00 | Liquidated May 7th 2021- PROTEST # 460121127895 FILED 5/29 | 10/19/2021 |
| 37 | 94D | 15382418 | $16,773.00 | $4,193.25 | Liquidated 21-MAY-21- PROTEST # 460121127966 FILED 6/4 | 10/19/2021 |
| 38 | 94D | 15383929 | $16,209.00 | $4,052.25 | Liquidated 6/4/21- PROTEST# 460121128225 FILED 6/15 | 10/19/2021 |
| 39 | 94D | 15386401 | $17,205.00 | $4,301.25 | Liquidated 6/25/21- PROTEST# 460121128666 FILED 7/14/21 | 10/19/2021 |
| 40 |   | **Grand Total** | **$369,022.00** | **$92,087.50** |   |   |