UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| ENVIRONMENT ONE CORPORATION | : |
| Plaintiff, | : Court No. 22-00124 |
| v. | : |
| UNITED STATES OF AMERICA;<br>OFFICE OF THE UNITED STATES TRADE<br>REPRESENTATIVE; KATHERINE TAI,<br>U.S. TRADE REPRESENTATIVE;<br>U.S. CUSTOMS & BORDER PROTECTION;<br>CHRIS MAGNUS, COMMISSIONER,<br>U.S. CUSTOMS AND BORDER PROTECTION | : |
| Defendant. | : |

# ORDER

Upon reading defendants' motion requesting to stay consideration of the merits of plaintiff's claims, to deny the request to convert defendants' motion to dismiss, and to extend the time to file a reply in further support of their motion to dismiss, it is hereby

ORDERED that defendants' motion be, and hereby is, granted; and

ORDERED that any consideration of the merits of plaintiff's claims, including: (1) whether plaintiff's imported merchandise falls within the scope of its claimed exclusion to Section 301 duties; and (2) whether plaintiff is entitled to any retroactive refunds of Section 301 duties, is stayed until after the Court resolves all pending motions, including defendants' motion to dismiss for lack of subject-matter jurisdiction and, in the alternative, for failure to state a claim upon which relief may be granted (ECF No. 19, "defendants' motion to dismiss"); and

ORDERED that plaintiff's request to convert defendants' motion to dismiss to a

motion for summary judgment is denied; and

  ORDERED that defendants' time to file a reply in further support of its motion to dismiss is hereby extended to 21 days after the resolution of the present motion.

                 _____
                       JUDGE

Dated: New York, New York
    This _____ day of _____, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| ENVIRONMENT ONE CORPORATION | : | |
| Plaintiff, | : | Court No. 22-00124 |
| v. | : | |
| UNITED STATES OF AMERICA;<br>OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; KATHERINE TAI,<br>U.S. TRADE REPRESENTATIVE;<br>U.S. CUSTOMS & BORDER PROTECTION;<br>CHRIS MAGNUS, COMMISSIONER,<br>U.S. CUSTOMS AND BORDER PROTECTION | : | |
| Defendant. | : | |

**DEFENDANTS' REQUEST TO STAY CONSIDERATION OF THE MERITS OF PLAINTIFF'S CLAIMS, TO DENY THE REQUEST TO CONVERT DEFENDANTS' MOTION TO DISMISS, AND TO EXTEND THE TIME TO FILE A REPLY IN FURTHER SUPPORT OF THE MOTION TO DISMISS**

On July 15, 2022, the United States *et. al.*, defendants, filed a motion opposing plaintiff's motion to amend its summons and complaint, and moving to dismiss this case for lack of subject matter jurisdiction, and in the alternative, for failure to state a claim. ECF No. 19 (Def. Mot.). We also submitted an affidavit establishing the predicate jurisdictional facts on which our motion is based. *See* Declaration of Norine Leach in Support of Defendants' Opposition to Plaintiff's Motion to Amend the Summons and Complaint and Motion to Dismiss (hereinafter "CBP Declaration"). Our motion to dismiss did not address whether plaintiff's imported merchandise falls within the scope of its claimed exclusion to Section 301 duties, because the Court will not reach this issue if it decides the threshold jurisdictional issues we raised in our favor. Moreover, if the

Court denies our motion, we will have not answered plaintiff's complaint or had an opportunity to conduct discovery in this case.

In response, plaintiff claims that the CBP Declaration warrants converting our motion to dismiss into a motion for summary judgment. *See* Plaintiff's Motion for Summary Judgment and Plaintiff's Motion to Amend the Summons in Response to Defendants' Opposition Thereto and Defendants' Motion to Dismiss (Pl. Resp.) at 1. As a result, plaintiff characterizes its response as a motion for summary judgment. Plaintiff also submits exhibits, a supporting affidavit, and a Statement of Material Facts As To Which No Genuine Issues Exists (Rule 56.3 statement), seeking to demonstrate that its imported merchandise falls within the scope of its claimed exclusion and that it is entitled to retroactive refunds of Section 301 duties.

Pursuant to Rules 6(b) and 7 of this Court, we respectfully move for an order that (1) stays the resolution of the merits of plaintiff's claims, specifically, whether plaintiff's merchandise falls within the scope of its claimed exclusion, and whether it is entitled to any retroactive refunds of Section 301 duties, until after the Court resolves all pending motions, including our motion to dismiss; (2) denies plaintiff's request to convert the motion to dismiss to a motion for summary judgment; and (3) extends the time to file a reply in further support of our motion to dismiss to 21 days after the resolution of the present motion.

We address our requests in order below. This is our first request for an extension of time for this purpose.

**Motion to Stay**

The authority to stay proceedings is "incidental to the power inherent in every

2

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The determination of "[w]hen and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997); *see also Columbia Forest Prods. v. United States*, 352 F. Supp. 3d 1274, 1276 (Ct. Int'l Trade 2018); *Aluminum Extrusions Fair Trade Comm. v. United States*, 2018 WL 3814499, *2 (Ct. Int'l Trade Aug. 8, 2018).

When deciding whether to grant a motion to stay proceedings, the Court "weigh[s] competing interests and maintain[s] an even balance taking into account those of the plaintiff, the defendant, non-parties or the public, and even itself." *Tak Fat Trading Co. v. United States*, 24 C.I.T. 1376, 1377 (2000) (internal quotations and citations omitted); *see also Landis*, 299 U.S. at 254-55; *An Giang Agriculture and Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1167 n.8 (Ct. Int'l Trade 2004). Further, the Court decides whether the stay would "promote judicial economy, conserve the resources of the parties, and ultimately advance the interests of justice." *An Giang*, 350 F. Supp. 2d at 1172.

Here, we request that the Court stay consideration of the merits of plaintiff's claims, including: factual issues related to plaintiff's imported merchandise, whether the merchandise falls within the scope of plaintiff's claimed exclusion, and whether this entitles plaintiff to any retroactive refunds of Section 301 duties. *See* Pl. Resp. at 17-19 (Background Section F entitled "The Exclusion Applied to Plaintiff's Switches," citing Plaintiff Exhibits A-D) and 46 (Conclusion, seeking an order directing defendants to "promptly refund" section 301 duties); *see also* Rule 56.3 statement (describing

3

plaintiff's entitlement to its claimed Section 301 exclusion).

Granting our request to stay resolution of whether the imported merchandise falls within the scope of plaintiff's claimed exclusion would advance the interests of justice. The Government submits that the Court lacks jurisdiction under 28 U.S.C. § 1581(a) because the summons was jurisdictionally defective, and under 28 U.S.C. § 1581(i) because plaintiff possessed a remedy under 28 U.S.C. § 1581(a), and that remedy was not "manifestly inadequate." The Government is therefore moving to dismiss this case pursuant to USCIT R. 12(b)(1), and in the alternative, pursuant to USCIT R. 12(b)(6).

As a result, the Court's decision on our motion to dismiss could render litigation on the nature of plaintiff's imported merchandise to be unnecessary. We therefore respectfully request that the Court defer deciding the merits of plaintiff's claims until after it has resolved all pending motions, including our motion to dismiss. Should the Court deny any part of our motion to dismiss, we intend to answer plaintiff's complaint and proceed to discovery regarding the merits of its claims at that time.

***Denial of Plaintiff's Request To Convert Our Motion To Dismiss***

Next, we submit that there is no basis to convert our motion to dismiss into a motion for summary judgment. Indeed, "[i]n establishing the predicate jurisdictional facts, a court . . . may review evidence extrinsic to the pleadings, including affidavits and deposition testimony." *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 837 F.3d 1249, 1254 n. 2 (Fed. Cir. 2016) (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993)). The CBP Declaration establishes predicate jurisdiction facts critical to resolving our motion to dismiss.

First, the CBP Declaration sets forth background information about the entries

4

that plaintiff claims to be at issue, including: the dates of entry, the subheading under which they were entered, the Section 301 exclusion that plaintiff claims, the dates of liquidation and the rate of duty, *see* CBP Decl. at ¶¶ 5-6, as well as information about the entries plaintiff seeks to withdraw from this case. *Id.* at ¶ 14. Next, the CBP Declaration establishes the relevant protest numbers and the date on which they were filed by plaintiff, *see id.* at ¶ 7-8, 11, 13, as well as the dates of, and reasons for, their denials. *Id.* at ¶ 9-10, 12-13.

Information about the relevant protests constitutes predicate jurisdictional facts because we claim that plaintiff's summons was defective, in that it did not identify the relevant protests. Def. Mot. at 17-22. Further, we challenge jurisdiction under 28 U.S.C. § 1581(i) on the basis that plaintiff could have challenged the relevant protest denials under 28 U.S.C. § 1581(a). *Id.* at 22-33. Thus, information about the dates and reasons for these protest denials constitutes predicate jurisdictional facts because jurisdiction under 28 U.S.C. § 1581(a) only arises when a protest challenges "decisions" of CBP, *see* 19 U.S.C. § 1514(a), it results in a "denial," *see* 28 U.S.C. § 1581(a), and it is challenged before this Court within 180 days of the denial. *See* 28 U.S.C. § 2636(a)(1).

In sum, the CBP Declaration does not warrant converting our motion to dismiss into a motion for summary judgment. Nor does plaintiff explain any basis for treating its own response as a motion for summary judgment. Accordingly, we respectfully request that the Court deny plaintiff's request to convert our motion to dismiss to a motion for summary judgment.

For the sake of clarity, in declining to convert the motion to dismiss to a motion

for summary judgment, there would be no obligation for defendant to respond to plaintiff's Rule 56.3 statement, *see* USCIT Rule 56.3(b), or to identify facts for which we contend there is no genuine issue to be tried, *see* USCIT R. 56.3(a). However, if the Court decides to convert our motion to dismiss, or plaintiff's response thereto, to a motion for summary judgment, we respectfully reserve the right to file a motion under USCIT R. 56(d), deferring consideration of plaintiff's motion for summary judgment and requesting time to conduct discovery on the merits of plaintiff's claims. USCIT R. 56(d); *see also* USCIT R. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

### *Request for an Extension of Time*

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act. USCIT Rule 6(b)(1)(A). Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule. *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); *United States v. Horizon Prods. Int'l, Inc.*, 38 CIT ___, ___, 34 F. Supp. 3d 1365, 1367 (2014) (diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and 16(b)).

The Government has been diligently reviewing plaintiff's response to our motion to dismiss. However, additional time is needed to clarify how the Court will treat our pending motion, as it will determine the procedural framework under which we will respond to plaintiff's most recent filing. We therefore respectfully request that the Court

grant us 21 days (the time typically allotted for replies, *see* USCIT Rule 7(d)) to file a reply in further support of our motion to dismiss, starting from the date the Court resolves the present motion.

In the event the Court denies our motion to stay and/or our request to treat our pending motion as a motion to dismiss, we request an order granting us 21 days, starting from the date that the Court resolves the present motion, to file a motion pursuant to Rule 56(d) requesting time to obtain discovery.

On August 25 and 26, 2022, Jamie Shookman, counsel for defendant, conferred with Christopher Kane of Simon Gluck & Kane LLP, counsel for plaintiff, who informed Ms. Shookman that, on behalf of his client, he consents to the request for an extension of time, and while he does not consent to a stay, will not file an opposition.

WHEREFORE, defendant respectfully requests that its motion be granted.

DATED: August 26, 2022              Respectfully submitted,

                                    BRIAN M. BOYNTON
                                    Principal Deputy Assistant Attorney General

                                    PATRICIA M. McCARTHY
                                    Director

                            By:     /s/ Justin R. Miller
                                    JUSTIN R. MILLER
                                    Attorney-In-Charge
                                    International Trade Field Office

                                    /s/ Jamie L. Shookman
                                    JAMIE L. SHOOKMAN
                                    Trial Attorney
                                    Department of Justice, Civil Division
                                    Commercial Litigation Branch
                                    26 Federal Plaza – Suite 346
                                    New York, New York 10278
                                    (212) 264-2107
                                    Attorneys for Defendant