Slip Op. 23-49

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ENVIRONMENT ONE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; KATHERINE TAI, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS AND BORDER PROTECTION; CHRIS MAGNUS, COMMISSIONER, U.S. CUSTOMS AND BORDER PROTECTION<br><br>Defendants. | Before: Mark A. Barnett, Chief Judge<br>Court No. 22-00124 |

## <u>OPINION AND ORDER</u>

[Granting Plaintiff's motion to amend summons; denying Defendants' motion to dismiss for lack of subject matter jurisdiction with respect to the 23 entries for which the court's jurisdiction is claimed pursuant to 28 U.S.C. § 1581(a); granting Defendants' motion to dismiss for lack of subject matter jurisdiction with respect to the eight entries for which the court's jurisdiction is claimed pursuant to 28 U.S.C. § 1581(i); granting without prejudice Defendants' motion to dismiss the action for failure to state a claim upon which relief may be granted.]

Dated: April 11, 2023

<u>Christopher M. Kane</u>, <u>Daniel J. Gluck</u>, and <u>Mariana del Rio Kostenwein</u>, Simon Gluck & Kane LLP, of New York, NY, for Plaintiff Environment One Corporation.

<u>Jamie L. Shookman</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendants.  With her on the brief were <u>Justin R. Miller</u>, Attorney-In-Charge, International Trade Field Office, <u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney General, and <u>Patricia M. McCarthy</u>, Director.  Of counsel on the brief was <u>Valerie Sorensen-Clark</u>, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, NY.

Barnett, Chief Judge: This case involves a challenge to the liquidation of 31 entries upon which additional duties pursuant to section 301 of the Trade Act of 1974 ("section 301 duties") were levied.[1]  Plaintiff Environment One Corporation ("Plaintiff" or "Environment One") claims it is entitled to a refund of section 301 duties because the imported merchandise was the subject of an exclusion from the section 301 duties that U.S. Customs and Border Protection ("Customs" or "CBP") did not apply at liquidation. The merits of Plaintiff's case are not yet before the court.  Instead, what is pending before the court are procedural motions regarding the initial pleadings and the justiciability of this case.

OVERVIEW[2]

For purposes of resolving the pending motions, details regarding the applicability of the section 301 duties are less relevant than the timeline of events, up to and including the filing of this case and the form in which such filing was made.  The imports in question entered under a tariff heading allegedly covered by section 301 duties. Following imposition of section 301 duties, the Office of the United States Trade Representative ("USTR") granted exclusions from section 301 duties to certain

---

[1] Plaintiff's initial complaint listed 34 entries; however, Plaintiff subsequently acknowledged that one entry was listed in error and that Plaintiff received a refund of disputed duties for two of the entries.  *See* Pl.'s Mem. in Supp. of its Mot. for Summ. J. and Pl.'s Mot. to Am. the Summons in Resp. to Defs.' Opp'n Thereto and Defs.' Mot. to Dismiss ("Pl.'s Resp.") at 23, ECF No. 20.  The present status of these three entries is not in dispute.

[2] Background information is drawn from Plaintiff's initial complaint and first amended complaint, including their respective exhibits.  *See generally* Compl., ECF No. 2; Am. Compl., ECF No. 16.

Court No. 22-00124                                                        Page 3

merchandise otherwise covered by some of the identified tariff headings.  Plaintiff

asserts that its imports were covered by such an exclusion.

The 31 entries at issue were made after the exclusion in question was granted.

The importer made entry under what was otherwise a duty-free subheading and claimed

an exclusion from section 301 duties.  The entries in question occurred between

October 11, 2019, and July 20, 2020, and CBP liquidated the entries between

September 4, 2020, and June 25, 2021.  In each case, CBP assessed section 301

duties at 25 percent *ad valorem*.

Following liquidation, Plaintiff filed several protests.  Plaintiff timely filed four

protests covering 23 liquidated entries, which protests CBP subsequently denied.

Plaintiff did not protest the liquidation of five entries and filed a single protest covering

the liquidation of three entries more than 180 days after liquidation occurred.

Plaintiff challenges the assessment of section 301 duties on all 31 entries and

the denial of the four protests with respect to the 23 entries covered therein.  Plaintiff

made its initial court filing on April 15, 2022.  On that date, Plaintiff concurrently filed a

Form 4 summons and a complaint.  *See* Summons, ECF No. 1; Compl.  A Form 4

summons is known as a general summons and is used in cases asserting jurisdiction

pursuant to 28 U.S.C. § 1581(i) (2018),[3] the court's residual jurisdiction.  In the

accompanying complaint, Plaintiff asserted jurisdiction pursuant to 28 U.S.C. §§ 1581(a)

and (i).  Compl. ¶¶ 10–12.  Attached to that complaint is an exhibit titled "Entries for

---

[3] Citations to the U.S. Code are to the 2018 version unless otherwise stated.

1581(a) and/or 1581(i) claims."  *Id.*, Ex.  The exhibit identifies the entry number for each

of the entries at issue, the entered value and duty for each entry, and two additional

columns labelled "Liquidation/Protest (x=1581(i) only)" and "Date Denied."  *Id.*  For ease

of reference, the column headings are reproduced below:

| Entry # | Sum Entered Value | Sum of Prov/Prog. Duty | Liquidation/ Protest (x=1581(i) only) | Date Denied |
|---------|-------------------|------------------------|---------------------------------------|-------------|

*Id.*

      For the 23 entries covered by timely protests, the first of those additional columns

indicates asserted liquidation dates, protest numbers, and protest dates and the second

column asserts the date the protest was denied.  *Id.*  For the three entries covered by

an untimely protest, the first column indicates asserted liquidation dates, protest

number, protest date, that the protest was filed "past 180 days," and that the protest

was denied.  *Id.*  For the five entries that were not protested, the first column indicates

the asserted liquidation dates and states "past 180 days" with no reference to a protest

number or protest date.  *Id.*  For these eight entries that were not protested or were

covered by an untimely protest, the second column contains an "x."  *Id.*

      Following receipt of the initial summons and complaint, the court noted the

absence of a Form 1 summons used in cases filed under 28 U.S.C. 1581(a).  On May

10, 2022, Plaintiff filed a motion to amend the summons proposing to add a Form 1

summons to its previously filed Form 4 summons.  *See* Mot. to Amend Summons ("Mot.

to Amend"), ECF No. 11.  On June 21, 2022, prior to the extended deadline for

Defendants[4] to respond to that motion, Plaintiff filed a "consent motion" seeking both to

---

[4] Defendants are also referred to herein as "the Government."

amend its motion to amend the summons and to amend the complaint.  *See* Consent

Mot. to Amend Mot. to Amend Summons and Amend Compl. ("Consent Mot."), ECF No.

14.  This motion sought to (a) amend the motion to amend the summons to change the

word "complaint" to "summons" on page 2 of the motion, and (b) amend the complaint to

provide a revised exhibit "that provides a clearer listing of the entries in the case and

Plaintiff's claims with respect to those entries" and delete the three entries not relevant

to the dispute.[5]  As stated in the motion, the Government consented "to the filing of this

[m]otion . . ., however, the Government does not consent to the ultimate relief requested

by the motion."  *Id.* at 3.

On June 23, 2022, the court granted the Consent Motion, thereby accepting the

amended motion to amend the summons and the amended complaint, and confirmed

the deadline for the Government to respond to the motion to amend the summons (as

amended).[6]  Order (June 23, 2022), ECF No. 15.

---

[5] These three entries are discussed in more detail above.  *See supra* note 1.

[6] In the Government's pending motion to dismiss, the Government states that while it consented to Plaintiff revising the motion to amend the summons, it did not consent to the filing of either an amended summons or amended complaint.  *See* Mem. in Supp. of Defs.' Opp'n to Pl.'s Mot. to Amend the Summons and Defs.' Mot. to Dismiss ("Defs.' Mot. to Dismiss") at 11, ECF No. 19.  The Government explains that, "[f]or purposes of this motion . . .  the first amended complaint is the operative pleading in this case" and reiterates its objection to amending the summons.  *Id.*  While the court understood the Government's position with respect to amending the summons and its objection to the court granting the "ultimate relief" requested relevant thereto, the Government's consent to the filing of the Consent Motion suggested the Government's consent to amending the complaint.  This is so, because Plaintiff did not seek to convert the motion to amend the summons into a joint motion to amend the summons and complaint, but, instead, sought to make two separate amendments: one to the motion to amend the summons and another to amend the complaint, and the Government consented to that filing.  As

On July 15, 2022, the Government filed a brief opposing Plaintiff's motion to amend the summons and in support of the Government's motion to dismiss. *See* Defs.' Mot. to Dismiss. Therein, the Government argued that the court should deny Plaintiff's motion to amend the summons as time-barred and dismiss the case for lack of jurisdiction or, alternatively, dismiss this case based on Plaintiff's failure to state a claim upon which relief can be granted. *See id.* at 15–34. Both Plaintiff's motion to amend the summons and Defendants' motion to dismiss are fully briefed.[7] For the reasons that follow, the court grants the motion to amend the summons; grants, in part, Defendants' motion to dismiss for lack of subject matter jurisdiction; and grants, without prejudice, Defendants' alternative motion to dismiss for failure to state a claim.

### STANDARD OF REVIEW

In order to adjudicate a case, a court must have subject matter jurisdiction over the claims presented. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal

---

discussed below, even limiting the court's analysis to the initial complaint, the court finds that the complaint was sufficiently clear to establish the court's jurisdiction in this case. Thus, any objection to the filing of the first amended complaint is moot.

[7] In addition to opposing Defendants' motion to dismiss, Plaintiff moved for summary judgment pursuant to USCIT Rule 12(d), asserting that Defendants relied on materials outside the pleadings in seeking dismissal. *See* Pl.'s Mot. for Summ. J., ECF No. 20-1; Pl.'s Resp. at 1, 6. Defendants subsequently filed an unopposed motion to stay consideration of the merits and deny Plaintiff's request to convert Defendant's motion to dismiss into a motion for summary judgment, Defs.' Req. to Stay Consideration of the Merits of Pl.'s Claims, to Deny the Request to Convert Defs.' Mot. to Dismiss, and to Extend the Time to File a Reply in Further Supp. of the Mot. to Dismiss, ECF No. 21, which the court granted, Order (Aug. 29, 2022), ECF No. 22.

court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety."); *see generally* U.S. Court of Int'l Trade ("USCIT") Rule 12(b)(1).

Plaintiff bears the burden of establishing subject matter jurisdiction.  *See Norsk Hydro Can., Inc. v. United State*s, 472 F.3d 1347, 1355 (Fed. Cir. 2006).  When, as here, the plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1581(i), it "bears the burden of showing that another subsection is either unavailable or manifestly inadequate."  *Erwin Hymer Group N. Am., Inc. v. United States*, 930 F.3d 1370, 1375 (Fed. Cir. 2019) (citation omitted).

Because the pending motion to dismiss rests on the availability of jurisdiction pursuant to another subsection, and therefore challenges the existence of jurisdiction, "the factual allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true."  *See Shoshone Indian Tribe of Wind River Reservation, Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).

Additionally, with respect to Defendants' motion to dismiss for failure to state a claim, "any factual allegations in the complaint are assumed to be true and all inferences are drawn in favor of the plaintiff."  *Amoco Oil Co. v. United States*, 234 F.3d 1374, 1376 (Fed. Cir. 2000); *see generally* USCIT Rule 12(b)(6).  "A court may properly dismiss a case pursuant to USCIT Rule 12(b)(6) only if Plaintiff's allegations of fact are not 'enough to raise a right to relief above the speculative level.'"  *VoestAlpine USA Corp. v. United States*, 46 CIT __, __, 578 F. Supp. 3d 1263, 1276 (quoting *Bell Atl. Corp. v. Twombly* , 550 U.S. 544, 555–56 (2007)).  Courts generally consider the allegations contained in the complaint but may also consider "matters incorporated by

reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (alteration in original) (citation omitted).  At the same time, a complaint's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**DISCUSSION**

### I.   Whether the Court Has Subject Matter Jurisdiction

Plaintiff seeks to invoke the court's jurisdiction pursuant to 28 U.S.C. § 1581(a) or, in the alternative, pursuant to 28 U.S.C. § 1581(i), for the 23 entries covered by four protests.[8]  Compl. ¶¶ 10–12, Ex.[9]  Additionally, Environment One seeks to invoke the court's jurisdiction pursuant to 28 U.S.C. § 1581(i) alone on eight additional entries.  *Id*. ¶¶ 7, 10–11, Ex.  Of these eight entries, Plaintiff did not file a protest for five entries and its protest for the three remaining entries (protest no. 460121127894 (Sept. 9, 2021)) was denied as untimely by CBP.  *Id*. ¶ 7, Ex.

### A.  Legal Framework

Pursuant to 28 U.S.C. § 1581(a), the court has jurisdiction to review a protest denied pursuant to 19 U.S.C. § 1515.  *See* 28 U.S.C. § 1581(a).  A civil action contesting the denial of a protest is barred unless commenced "within one hundred and

---

[8] The four protests and their filing dates are protest numbers 460121127895 (May 29, 2021), 460121127966 (June 4, 2021), 460121128225 (June 15, 2021), and 460121128666 (July 14, 2021).  Compl. Ex.

[9] As discussed below, the jurisdictional inquiry in this case depends upon the information provided in the initial complaint, not the first amended complaint.  Thus, the court cites to that initial pleading in this section.

eighty days after the date of mailing of notice of denial of a protest under [19 U.S.C.

§ 1515(a)]."  *Id.* § 2636(a)(1).  Additionally, "[a] civil action in the Court of International

Trade under [19 U.S.C. §§ 1515 or 1516] shall be commenced by filing with the clerk of

the court a summons, with the content and in the form, manner, and style prescribed by

the rules of the court."  *Id.* § 2632(b).

Alternatively, 28 U.S.C. § 1581(i) provides the court jurisdiction to entertain "any

civil action commenced against the United States, its agencies, or its officers, that

arises out of any law of the United States providing for—. . .  (B) tariffs, duties, fees, or

other taxes on the importation of merchandise for reasons other than the raising of

revenue," and "(D) administration and enforcement with respect to the matters referred

to in paragraphs (A) through (C) of this paragraph and subsections (a)–(h) of this

section."  *See id.* § 1581(i)(1)(B), (D) (2018 & Supp. II 2020).  Section 1581(i)

"embodies a 'residual' grant of jurisdiction[ ] and may not be invoked when jurisdiction

under another subsection of [section] 1581 is or could have been available, unless the

remedy provided under that other subsection would be manifestly inadequate."

*Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (citation omitted).

Thus, if jurisdiction pursuant to section 1581(a) is or could have been available with

respect to Plaintiff's entries, jurisdiction pursuant to section 1581(i) is not available.

### B. Whether the Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1581(a) or (i) for the 23 Timely Protested Entries

### 1. Parties' Contentions

The Government's motion to dismiss focuses on the initial Form 4 summons, notes that the summons identified no protests, and concludes, therefore, that Plaintiff has failed to establish the court's subject matter jurisdiction over any denied protests. Defs.' Mot. to Dismiss at 18–19; *see also* Defs.' Reply in Supp. of Their Mot. to Dismiss ("Defs.' Reply") at 4–5, ECF No. 31.  The Government argues that the court's jurisdiction cannot be established by contemporaneously filed documents.  Defs.' Mot. to Dismiss at 18–19; *see also* Defs.' Reply at 5–6, 10–11.  The Government further contends that, even if Plaintiff had identified the denied protests in the contemporaneously filed complaint, the complaint does not explicitly state which protests Plaintiff challenges pursuant to 28 U.S.C. § 1581(a).  Defs.' Mot. to Dismiss at 19–20; *see also* Defs.' Reply at 6.  According to the Government, Plaintiff's motion to amend is time-barred, because the initial summons did not establish the court's jurisdiction pursuant to 28 U.S.C. § 1581(a) and Plaintiff filed the motion to amend more than 180 days after CBP's denial of the protests.  Defs.' Mot. to Dismiss at 20–22; *see also* Defs.' Reply at 4–5.

Plaintiff contends that the protests listed in its contemporaneously filed complaint establish jurisdiction pursuant to section 1581(a).  *See* Pl.'s Resp. at 36–37.  Plaintiff further contends that, pursuant to USCIT Rule 3(e), the court should allow Plaintiff to

amend the summons because no material prejudice to the government will result from the amendment.  Mot. to Amend at 2.

### 2. Analysis of Jurisdiction

The U.S. Court of Appeals for the Federal Circuit ("the Federal Circuit") has interpreted 28 U.S.C. §§ 2632(b) and 2636(a) as imposing two jurisdictional requirements: "that a suit be instituted by filing a summons and that the suit be filed within 180 days after the denial of a protest."  *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1317 (Fed. Cir. 2006) (quoting *Pollak Im.-Ex. Corp. v. United States*, 52 F.3d 303, 306 (Fed. Cir. 1995)).

Plaintiff filed both the initial summons and complaint on April 15, 2022, 178 days after CBP denied Plaintiff's timely-filed protests on October 19, 2021.  *See* Summons; Compl.  Plaintiff's initial summons, filed using a Form 4 summons, did not identify the challenged protests or protested entries.  *See* Summons.  In the complaint, however, Plaintiff asserted that the court had jurisdiction pursuant to 28 U.S.C. § 1581(a) or (i) over the entries subject to timely protests denied by CBP.  *See* Compl. ¶¶ 10–12, Ex. Attached to the complaint was a spreadsheet identifying the 23 entries covered by four denied protests and the basis of jurisdiction for each entry.  *See id*. Ex.

While Plaintiff's initial summons and complaint were filed within 180 days of CBP's denial of the four protests, Plaintiff filed the motion to amend on May 10, 2022, more than 180 days after CBP denied the protests.  *See* Mot. to Amend. at 2. Defendants argue that "the summons must establish the court's jurisdiction," Defs.' Mot. to Dismiss at 17 (quoting *DaimlerChrysler*, 442 F.3d at 1318), and that jurisdiction

"attaches only to protests identified on the summons," *id.* (quoting *Otter Prods., LLC v. United States*, 45 CIT __, __, 532 F. Supp. 3d 1345, 1350 (2021), in turn citing *DaimlerChrysler*, 442 F.3d at 1318).  Framing the issue in terms of notice, Defendants argue that "[a] summons only provides notice if it identifies a protest with particularity." *Id.*; *see also* Defs.' Reply at 6 (arguing that notice is inadequate when it "requires inference and analysis").  Defs.' Reply at 6.  Defendants further contend that, even if the court looks at contemporaneously filed documents to establish jurisdiction, the initial complaint does not explicitly state what protests it challenges pursuant to 28 U.S.C. § 1581(a).  *See* Defs.' Mot. to Dismiss at 19–20.  Defendants therefore conclude that because these documents failed to establish jurisdiction, Plaintiff cannot amend the summons to add time-barred protests to this action.  *See id.* at 20–22.

While Defendants rely on *DaimlerChrysler* to support their motion, that case involved a different factual scenario from the case before the court.  In *DaimlerChrysler*, the plaintiff challenged CBP's denial of certain protests and claimed jurisdiction pursuant to 28 U.S.C. § 1581(a).  442 F.3d at 1315–16.  The plaintiff, however, filed an initial summons which omitted seven protests.  *Id.*  The plaintiff moved to amend its summons to add the seven omitted protest numbers more than 180 days after those protests were denied.  *Id.*  However, unlike here, no documents contemporaneously filed in that case referenced the omitted protest numbers.  *See id.* at 1320.  Thus, *DaimlerChrysler* does not resolve the present case.  What *DaimlerChrysler* does make

clear, however, is the importance of an initial pleading putting the government on notice of what protest decisions are being contested.  *See id.* at 1320–21.[10]

 Plaintiff responds by citing *Zenith Electronics Corp. v. United States*, 988 F.2d 1573 (Fed. Cir. 1993), in support of its assertion of jurisdiction over the denied protests. Pl.'s Resp. at 36.  In *Zenith*, the plaintiff listed an incorrect antidumping duty determination number in the summons.  988 F.2d at 1580.  Nevertheless, the plaintiff correctly identified the antidumping determination and determination number on other contemporaneously filed documents and, on that basis, the USCIT granted the plaintiff's motion to amend the summons, and the Federal Circuit affirmed.  *See id.*

In granting the motion, the USCIT reasoned that the plaintiff filed a summons "sufficient to satisfy the requirements of the law" and the court "should not be as concerned with the technical nomenclature of the documents which are filed as with basic considerations of justice."  *NEC Corp. v. United States* , 12 CIT 399, 400, 685 F. Supp. 258, 259 (1988).  Further, from "the totality of the documents filed with the court," it was "possible for a person reasonably familiar with these matters" to deduce the determination for which the plaintiff sought judicial review.  *Id.*

Defendants' attempts to distinguish *Zenith* are unavailing.  Defendants contend that Plaintiff failed to list any denied protest numbers in the summons whereas, in

---

[10] While *DaimlerChrysler* explained that the summons, and not the complaint, is the initial pleading in cases brought pursuant to section 1581(a), *see* 442 F.3d at 1317–18, it expressly left open the question of whether "the court may look to other contemporaneously filed documents to determine the correct protest number[s]," *see id*. at 1320.

*Zenith*, the plaintiff listed the incorrect antidumping determination number in the summons.  Defs.' Reply at 7–8.  However, analogous with *Zenith* and *NEC*, in this case, the summons and contemporaneously filed complaint together identify the entries and denied protest numbers that Plaintiff challenges and indicate the jurisdictional basis for Plaintiff's challenges with sufficient particularity.  For the 23 entries in question, the complaint asserts this court's jurisdiction pursuant to 28 U.S.C. § 1581(a) over denied protests.  Compl. ¶¶ 6, 12.  The table of entries attached to the complaint also indicates the claimed jurisdictional basis for each denied protest.  *Id*. Ex (indicating the jurisdictional basis in column G).  Further, Plaintiff identified the specific protests at issue by providing the denied protest number and entry numbers at issue, the date the protest was filed, the date the protest was denied, the entered value of the merchandise at issue, the date of liquidation, and the amount of duties for each entry.  *Id*. Ex. [11]

The court acknowledges that the summons and complaint filed here did not include certain information otherwise required in a Form 1 summons; however, the defects of the filing do not make the summons and complaint a nullity.  *See NEC*, 12

---

[11] As indicated by the court's citations to the initial complaint, that version of the complaint and the table of entries attached thereto are sufficiently detailed to put the Government on notice of the denied protests being challenged.  While the addition of the "Claim" column in the amended complaint improves the clarity of the table, the initial version was sufficiently clear.  *Compare* Compl. Ex. *with* Am. Compl. Ex.  The original table indicates "x=1581(i) only" and contains eight entries designated with an "x." Compl. Ex.  The remaining 23 entries each provide information identifying the denied protests at issue.  *Id*.  Thus, the original table of entries indicates that Plaintiff claims jurisdiction "only" pursuant to 28 U.S.C. § 1581(i) with respect to these eight entries accompanied by the "x" and pursuant to 28 U.S.C. § 1581(a) and (i) with respect to the remaining 23 entries.  The amended table of entries does not alter this understanding.

CIT at 400, 685 F. Supp. at 259.  To the contrary, the summons and complaint, with its

exhibit, make it possible for a person reasonably familiar with these matters to

determine the denied protests being challenged and the asserted jurisdictional basis for

the challenge.  Plaintiff's mistaken filing of the incorrect summons is the type of

technicality that the court should not concern itself with at the expense of "basic

considerations of justice."  *Id.*[12]  Thus, the court finds that it has jurisdiction pursuant to

28 U.S.C. § 1581(a) to review CBP's denial of the four timely filed protests covering the

23 entries at issue.

### 3. Analysis of Motion to Amend the Summons

Having found that Plaintiff sufficiently invoked the court's jurisdiction pursuant to

section 1581(a), the court now considers the pending motion to amend the summons.

Pursuant to USCIT Rule 3(e), "the court may allow a summons to be amended at any

time . . . unless it clearly appears that material prejudice would result to the substantial

rights of the party against whom the amendment is allowed."  Defendants argue that

USCIT Rule 3(e) does not apply in this case because Rule 3(e) "does not cure the

jurisdictional defects in [P]laintiff's summons, nor does it expand the [c]ourt's jurisdiction

---

[12] Defendants also contend that "[b]ecause [28 U.S.C.] § 2636(a)(1) operates as a waiver of sovereign immunity, this court must 'strictly construe [this statute] in favor of the sovereign.'"  Defs.' Mot. to Dismiss at 21 (quoting *DaimlerChrysler*, 442 F.3d at 1317).  To satisfy the requirements of 28 U.S.C. § 2636(a)(1), a plaintiff need only file a summons within 180 days of a denial of a protest.  *See Autoalliance Int'l, Inc. v. United States*, 357 F.3d 1290, 1293 (Fed. Cir. 2004).  Plaintiff met this requirement here. While the summons filed by Plaintiff did not identify the denied protests it sought to contest, as discussed above, the concurrently filed complaint remedied this deficiency.

to the time-barred protests that [P]laintiff seeks to add to its amended summons."  Defs.'

Reply at 7; *see also* Defs.' Mot. to Dismiss at 22 & n.7.

The court disagrees that the amended summons would introduce time-barred

determinations to the litigation.  As discussed above, the initial summons and complaint

were timely filed and sufficiently identified the four protests and 23 entries at issue.  The

proposed amended summons would simply conform the information previously provided

into the appropriate format to facilitate CBP's provision of the relevant entry records.

Allowing Plaintiff to amend its summons would not result in any material prejudice to

Defendants and the court grants Plaintiff's motion to amend the summons.

### C.  Whether the Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1581(i)

### 1. Parties' Contentions

The Government contends that the court lacks subject matter jurisdiction

pursuant to 28 U.S.C. § 1581(i) over all of the entries at issue because jurisdiction

pursuant to 28 U.S.C. § 1581(a) is or could have been available and would not be

manifestly inadequate.  Defs.' Mot. to Dismiss at 22–33.

Plaintiff argues that the court has jurisdiction pursuant to section 1581(i) because

Plaintiff seeks to challenge Customs' allegedly unlawful expansion of 19 U.S.C. § 1514

by requiring importers to protest entries in order to claim exclusions from section 301

duties.  *See* Pl.'s Resp. at 4–5, 30–33.  Plaintiff contends that a protest is not necessary

to receive a refund, and the court can order reliquidation through its equitable powers, even if a protest was never filed.  *Id*. at 43.[13]

## 2. Analysis

It is well settled that "[a] party may not expand a court's jurisdiction by creative pleading."  *Sunpreme*, 892 F.3d at 1193 (quoting *Norsk Hydro Can.*, 472 F.3d at 1355). Instead, the court must "look to the true nature of the action . . . in determining jurisdiction of the appeal."  *Id*.

Here, Plaintiff seeks to challenge Customs' assessment of section 301 duties on Plaintiff's entries and Customs' failure to refund such duties.  Compl. ¶¶ 1–7.   Customs liquidated Plaintiff's entries, classifying the merchandise under subheading 8536.50.7000, U.S. Harmonized Tariff Schedule ("HTSUS"), and assessing section 301 duties at a rate of 25 percent *ad valorem*.  Pl.'s Resp. at 19–20.

---

[13] Plaintiff also contends: 1) that Customs' failure to publish the procedures for obtaining a refund of section 301 duties in the Federal Register represented a violation of the Administrative Procedures Act ("APA") and implicated due process requirements pursuant to the 5th Amendment to the U.S. Constitution; and 2) citing *West Virginia v. EPA*, 142 S. Ct. 2587 (2022), that Customs' administration of USTR's exclusion of section 301 duties is an issue involving the "major questions doctrine."  Pl.'s Resp. at 37–46.  The Government replies that Plaintiff did not plead claims pursuant to the APA, the due process clause, or the major questions doctrine in its complaint.  Defs.' Reply at 14, 18.  Defendants are correct that Plaintiff did not plead violations of the APA or the 5th Amendment to the U.S. Constitution in its complaint.  "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000) (alteration in original) (citation omitted).  Moreover, Plaintiff's desire to invoke the "major questions doctrine" does not obviate the jurisdictional or claim deficiencies of its complaint.

For eight of the entries at issue, Plaintiff did not protest, or did not timely protest, Customs' assessment of those duties.  Compl. ¶¶ 4–5, 7–8.  Section 1514 of title 19 provides:

> Except as provided in subsection (b) of this section, . . . decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—
> . . .
> (2) the classification and rate and amount of duties chargeable; [or]
> . . .
> (5) the liquidation or reliquidation of an entry
> . . .
> shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade.

With respect to these eight entries, Plaintiff could have filed timely protests challenging Customs' classification and liquidation of the contested entries, and, if denied, could have challenged those denials pursuant to the court's section 1581(a) jurisdiction.

As stated above, section 1581(i) jurisdiction is unavailable "when jurisdiction under another subsection of [section] 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Sunpreme*, 892 F.3d at 1191.  To establish that jurisdiction pursuant to another subsection of section 1581 would be "manifestly inadequate," a party must demonstrate that the remedy provided by that subsection is "an 'exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain.'"  *Id.* at 1193–94 (quoting *Hartford Fire Ins. Co. v. United States*, 544

F.3d 1289, 1294 (Fed. Cir. 2008)); *see also Nat'l Nail Corp. v. United States*, 42 CIT__,

__, 335 F. Supp. 3d 1321, 1327 (2018).

The court finds the Federal Circuit's decision in *ARP Materials, Inc. v. United States*, 47 F.4th 1370 (Fed. Cir. 2022), to provide relevant guidance in determining whether judicial review pursuant to section 1581(a) of Customs' exclusion determinations would be "manifestly inadequate."  There, Customs liquidated one plaintiff's entries with section 301 duties prior to the granting of any exclusion by USTR. *Id*. at 1375.  USTR subsequently granted an exclusion from those duties that allegedly applied retroactively to the entries in question; however, USTR's publication of the exclusion occurred more than 180 days after CBP liquidated certain of plaintiffs' entries. *See id.* at 1375–76.  Customs denied certain of the plaintiff's protests of those liquidations as untimely because they were filed more than 180 days after liquidation, including the protest filed a mere five days after USTR's exclusion was published.  *Id*. The Federal Circuit held that had plaintiff timely protested Customs' classification decisions, jurisdiction would have been available pursuant to 28 U.S.C. § 1581(a), and because the relief provided by section 1581(a) was not manifestly inadequate, jurisdiction pursuant to section 1581(i) was not available.  *Id.* at 1379–80.

Similar to *ARP Materials*, the source of Plaintiff's harm here is Customs' classification decision and Plaintiff's path to relief is to challenge Customs' classification decision through the protest procedure.  In this case, USTR published the exclusion *prior* to liquidation, so the availability of the protest procedure is even more evident than

it was in *ARP Materials*.  Accordingly, Plaintiff has failed to establish that jurisdiction

under section 1581(a) was unavailable or manifestly inadequate.

Plaintiff's contention that Customs unlawfully expanded 19 U.S.C. § 1514 by

requiring importers to protest entries as a prerequisite to claiming exclusions from

section 301 duties is unavailing.  Pl.'s Resp. at 4–5.  Customs applies section 301

exclusions through classification determinations and the protest procedure is available

to dispute Customs' classification determinations.

Furthermore, Plaintiff's request that the court consider ordering reliquidation

through its equitable powers is unavailing.  *See id*. at 43.  An importer cannot rely on an

equitable remedy pursuant to 28 U.S.C. § 1581(i) to circumvent the requirement of a

timely filed protest.  *See Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed.

Cir. 1995) (importer "cannot circumvent the timely protest requirement by claiming that

its own lack of diligence requires equitable relief").

For these reasons, the court lacks subject matter jurisdiction pursuant to 28

U.S.C. § 1581(i) over the eight entries for which Plaintiff did not file a timely protest

because it had an adequate remedy pursuant to such a protest and 28 U.S.C.

§ 1581(a).  For these eight entries, Defendants' motion to dismiss for lack of jurisdiction

will be granted.  For the 23 entries for which Plaintiff asserts jurisdiction pursuant to both

28 U.S.C. § 1581(a) and (i) and for which CBP denied timely protests, as discussed

above in part I.B., the court has jurisdiction pursuant to 28 U.S.C. § 1581(a) and

Defendants' motion to dismiss for lack of jurisdiction will be denied.  Because

jurisdiction pursuant to 28 U.S.C. § 1581(a) exists for these entries, jurisdiction pursuant to 28 U.S.C. § 1581(i) is unavailable.

## II.  Whether Environment One Has Stated a Claim Upon which Relief May Be Granted

### A.  Parties' Contentions

The Government contends that Plaintiff's amended complaint fails to state a claim upon which relief may be granted.  Defs.' Mot. to Dismiss at 33.  Specifically, the Government argues that the amended complaint lacks "facts describing the merchandise at issue" and fails to "demonstrate why CBP's denials of [P]laintiff's protests were erroneous."  *Id*. at 34.

Plaintiff contends that the facts and legal predicates contained in the amended complaint are sufficiently specific and form the bases on which this case can proceed. Pl.'s Resp. at 26–27.

### B.  Analysis

With respect to the 23 entries for which the court found jurisdiction pursuant to 28 U.S.C. § 1581(a), the amended complaint fails to state a claim for relief sufficient to survive Defendants' motion to dismiss.[14]  The allegations in Plaintiff's amended complaint are insufficient to raise a right to Customs' refund of section 301 duties above the speculative level; instead they constitute no more than a threadbare recital of the

---

[14] Because the other eight entries are being dismissed for lack of jurisdiction, the court may not consider whether Plaintiff stated a claim upon which relief could be granted with respect to these eight entries.

elements of the cause of action.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at

555–56.

To determine whether Plaintiff's amended complaint states a claim upon which

relief can be granted, the court must first consider the factual allegations necessary to

raise a right to a refund of section 301 duties "above the speculative level."  *Twombly*,

550 U.S. at 555.  Included with the court's rules is an Appendix of Forms, along with

narratives titled General Instructions, Specific Instructions, and Complaint Allegations.

*See* U.S. Ct. Int'l Trade, Complaint Allegations ("Complaint Guidance"), U.S. CT. INT'L

TRADE, https://www.cit.uscourts.gov/sites/cit/files/Complaint_Allegation.PDF (last

visited Apr. 11, 2023).  This Complaint Guidance provides that, in 28 U.S.C. § 1581(a)

actions, a complaint should include, among other things, "a description of the

merchandise involved" and "a specification of the contested customs decision or

decisions."  *Id*. at 1.  When a plaintiff seeks to challenge the classification of the

imported goods, as Environment One does here, the Complaint Guidance further

indicates that the complaint should set forth the HTSUS classification, the tariff

description, and concise allegations of the plaintiff's contentions of fact and law.  *Id*. at

1–2.

The amended complaint is devoid of the information discussed in the Complaint

Guidance.  The amended complaint generally alleges that USTR implemented section

301 duties, as well as exclusions that allegedly applied to Plaintiff's imports; that Plaintiff

claimed exclusions from section 301 duties upon importation; and that CBP assessed

section 301 duties against Plaintiff, which Plaintiff timely protested and CBP denied.

*See* Am. Compl. ¶¶ 3–4, 6.  These facts alone are not enough to raise a right to relief

above the speculative level.  *See Twombly*, 550 U.S. at 555.  The amended complaint

fails to allege (1) the HTSUS classification or tariff description of the subject

merchandise at issue; (2) the specific errors Customs allegedly made in the contested

protest denials; and (3) the section 301 exclusion Plaintiff alleges is applicable to the

subject imports.  While the court, in ruling on a motion to dismiss, also considers

documents incorporated into the complaint, exhibits attached to the complaint, and

other matters of which the court may take judicial notice, *see, e.g.*, *Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007), the exhibit attached to the

amended complaint does not cure these deficiencies.  Without these factual allegations,

Plaintiff's statements are merely conclusions of law and fail to provide even a

threadbare recital of the elements of a cause of action.

For these reasons, the court will grant, without prejudice, Defendants' motion to

dismiss for failure to state a claim with respect to the four protests covering the 23

entries for which the court has found jurisdiction pursuant to 28 U.S.C. § 1581(a).

Plaintiff has already filed one amended complaint and has been on notice for several

months regarding the asserted deficiencies with its complaint.  Therefore, the court will

grant the Defendants' motion, with prejudice, within ten days of the publication of this

opinion and order absent Plaintiff docketing a second amended complaint providing

sufficient factual allegations to establish a claim for relief.

### CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's motion to amend the summons, ECF No. 11, is granted and the amended summons is accepted for filing; it is further

**ORDERED** that Defendants' motion to dismiss for lack of subject matter jurisdiction, ECF No. 19, is **GRANTED**, in part, with respect to the eight entries for which the court's jurisdiction is claimed only pursuant to 28 U.S.C. § 1581(i) and **DENIED**, in part, with respect to the four denied protests covering 23 entries for which the court's jurisdiction exists pursuant to 28 U.S.C. § 1581(a); it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim, ECF No. 19, is rendered moot with respect to the eight entries for which the court's jurisdiction is claimed only pursuant to 28 U.S.C. § 1581(i); and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim, ECF No. 19, is **GRANTED,** without prejudice, with respect to the four denied protests covering 23 entries for which the court's jurisdiction exists pursuant to 28 U.S.C. § 1581(a); and it is further

**ORDERED** that if Plaintiff fails to file a second amended complaint within ten days of the publication of this opinion and order, Defendants' motion to dismiss, ECF No. 19, will be **GRANTED** with prejudice.

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: April 11, 2023
        New York, New York